﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181016-591
DATE: March 18, 2019

ORDER

Entitlement to service connection for sarcoidosis is denied.

Entitlement to service connection for interstitial pulmonary fibrosis is denied.

FINDINGS OF FACT

1. The AOJ found that the Veteran has a current diagnosis of sarcoidosis. However, the probative evidence of record shows the Veteran’s current sarcoidosis was not manifest during service and is not attributable to service.

2. The AOJ found that the Veteran has a current diagnosis of pulmonary fibrosis. However, the Veteran’s current interstitial pulmonary fibrosis was not manifested during his active military service and is not shown to be caused or aggravated by a service-connected disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for sarcoidosis have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303, 3.307, 3.309(a) (2017).

2. The criteria for service connection for interstitial pulmonary fibrosis have not been met. 38 U.S.C. §§ 1101, 1110, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310(a) (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from October 1992 to July 1996 and February 1999 to February 2003. The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested evidence submission considered by the Agency of Original Jurisdiction (AOJ).

This matter is before the Board of Veterans’ Appeals (Board) on appeal of an August 2018 rating decision of the Department of Veterans Affairs (VA) Montgomery, AL Regional Office (RO).

SERVICE CONNECTION

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In general, service connection requires (1) evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 382 F.3d 1163, 1167 (Fed. Cir. 2004).). 

1. Service connection for sarcoidosis

The Veteran has claimed entitlement to service connection for sarcoidosis. He contends that this disability arose during service from a positive tuberculosis test and exposure to dust and chemicals while in service.

The AOJ found that the Veteran has a current diagnosis of sarcoidosis. 

The question in this case is whether a causal relationship or nexus exists between the Veteran’s sarcoidosis and his active service. 

The Board finds that a preponderance of the evidence weighs against finding a direct causal relationship or nexus between the Veteran’s sarcoidosis and his presumed in-service chemical exposure and positive tuberculosis test. The favorable evidence submitted by the Veteran is not competent, while the negative evidence is supported by medical expertise.

Favorable evidence consists of the Veteran’s own contentions, and the summarized research provided in the Veteran’s memorandum, sourced from WebMD, the Mayo Clinic, and Journal of the American Medical Association. 

The Board has reviewed the memorandum submitted by the Veteran to support his argument that his current sarcoidosis is connected to his service. The Veteran is competent to report having experienced difficulty breathing and exhaustion during active service, but is not competent to provide a diagnosis of sarcoidosis in service or within a presumptive period, or a medical opinion linking that symptom with his sarcoidosis. While the submitted memorandum is well researched, opinions regarding the diagnosis and etiology of sarcoidosis are complex and generally beyond the competency of a lay witness. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Veteran does not state, and the record does not reflect, that he has any medical education, experience, or training, nor has he offered any basis in common lay knowledge to support his opinion.

While the Mayo Clinic and Journal of American Medical Association findings are competent and credible, they are too inconclusive and speculative to provide evidence of a causal relationship between the Veteran’s sarcoidosis and his active service. See, e.g., Polovick v. Shinseki, 23 Vet. App. 48, 54 (2009). Notably, the cited research does not provide an opinion that considers the facts of the Veteran’s specific case.

The Board gives more probative weight to the June 2018 VA examiner’s opinion that the Veteran’s sarcoidosis was less likely than not related to his positive tuberculosis test, breathing complaints, or exposure to smoke from fires while on active duty. The rationale was that the Veteran is more likely than the average person to develop sarcoidosis by 2.8 times, and that no sarcoidosis diagnosis was made until 13 years post-service.

In short, the preponderance of the evidence is against finding that the Veteran’s sarcoidosis was caused by a positive tuberculosis test nor exposure to smoke and chemicals while in service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. In the absence of a nexus, the criteria for service connection for sarcoidosis are not met and the appeal must be denied.

2. Service connection for interstitial pulmonary fibrosis

The Veteran has claimed entitlement to service connection for pulmonary fibrosis. He contends that this disability arose in connection with his sarcoidosis and should be granted on a secondary basis. 

The AOJ found that the Veteran has a current diagnosis of pulmonary fibrosis. 

The question in this case is whether a causal relationship or nexus exists between the Veteran’s pulmonary fibrosis and his active service.

The Board finds that a causal relationship or nexus does not exist and is not at least as likely as not it was caused by his sarcoidosis. 

A disability can also be service connected on a secondary basis if it is proximately due to or the result of a service-connected condition. 38 C.F.R. § 3.310 (a). In short, in order to establish entitlement to service connection on this secondary basis, there must be (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) probative evidence establishing a nexus (i.e., link) between the service-connected disability and the current disability. Wallin v. West, 11 Vet. App. 509, 512 (1998).

Because service connection for sarcoidosis is denied above, service connection for pulmonary fibrosis on a secondary basis must also be denied.

In short, the preponderance of the evidence is against finding that the Veteran’s pulmonary fibrosis was caused by a positive tuberculosis test nor exposure to smoke and chemicals while in service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. In the absence of a nexus by presumption or direct evidence, the criteria for service connection for pulmonary fibrosis are not met and the appeal must be denied.

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. C. Slaughter, Associate Counsel